IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **LINDA E. YOST,**<br><br>    Plaintiff,<br><br>v.<br><br><br>**CHAD JAY, et al.,**<br><br>    Defendants. | <br><br><br><br>**CIVIL ACTION NO.: 3:15-CV-00041 (GROH)** |

## ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL AND FOR SANCTIONS

### I. INTRODUCTION

On August 27, 2015, Plaintiff Linda E. Yost ("Plaintiff"), through counsel Bradley J. Reed, Esq., filed her First Motion to Compel and for Sanctions, requesting that this Court order Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") to "answer completely" each of Plaintiff's Interrogatories. (Pl.'s Mot. to Compel and for Sanctions ("Pl.'s Mot.") at 6, ECF No. 25). Subsequently, Defendant filed its Response in Opposition to Plaintiff's Motion to Compel and for Sanctions and Plaintiff filed her Reply to Defendant's Response. (State Farm's Resp. in Opp'n to Pl.'s Mot. to Compel and for Sanctions ("Def.'s Resp."), ECF No. 31; Pl.'s Reply, ECF No. 32). On August 31, 2015, the matter was referred to the undersigned United States Magistrate Judge for disposition. 28 U.S.C. § 636(b)(1)(B) (2009); Fed. R. Civ. P. 72(b). The undersigned held an evidentiary hearing on Plaintiff's Motion on September 29, 2015. For the reasons set forth below, Plaintiff's First Motion to Compel and for Sanctions is denied.

## II. **BACKGROUND**

This case arises out of a motor vehicle accident that occurred on December 6, 2012, in Berkeley County, West Virginia. (Pl.'s Mot. at 1). On August 14, 2014, Plaintiff filed a Complaint in state court against Chad Jay, who was involved in the motor vehicle accident. (Def.'s Resp. at 2). Subsequently, Plaintiff settled with Mr. Jay for the full amount of Mr. Jay's liability insurance coverage. (Id.). After settling with Mr. Jay, Plaintiff filed an Amended Complaint, joining State Farm as a defendant and adding, *inter alia*, a claim for underinsured motorist coverage benefits against State Farm. (Notice of Removal at 1-2, ECF No. 1). On March 15, 2015, Plaintiff served the Amended Complaint and multiple discovery requests, including Plaintiff's Interrogatories, on Defendant. (Id. at 1; Def.'s Resp. at 2).

On April 9, 2015, Defendant removed the action to federal court. (Notice of Removal at 1). On May 13, 2015, the parties conferred regarding a discovery plan as directed by Federal Rule of Civil Procedure ("FRCP") 26(f). (Report of Parties' Initial Planning Meeting, ECF No. 7). Afterwards, the Court issued a Scheduling Order, directing that discovery be completed by November 4, 2015. (Scheduling Order, ECF No. 9). Initial disclosures were served on June 15, 2015. (Certificate of Serv., ECF No. 10; Def.'s Initial Disclosure, ECF No. 11). On June 26, 2015, Defendant served its discovery requests on Plaintiff. (Pl.'s Mot. at 2).

On August 6, 2015, Defendant informed Plaintiff that it had not received Plaintiff's responses to its discovery requests within the thirty-day time period provided by FRCP 33. (Pl.'s Mot. Ex. 7). Defendant requested that Plaintiff submit her responses within seven days. (Id.). That same day, Plaintiff asked that Defendant respond to her

2

discovery requests within seven days. (Pl.'s Mot. Ex. 8). Defendant replied that it was "actively responding and [that] responses [would] be provided soon." (Pl.'s Mot. Ex. 9). While Plaintiff served her responses on Defendant within the seven days, Defendant did not serve its responses within that time period because a "death in [the] family of a client contact ha[d] delayed responses being sent." (Pl.'s Mot. Ex. 11). Defendant informed Plaintiff, however, that it was "working diligently on responding and [would] send [its responses] as soon as possible." (Id.). On August 19, 2015, approximately six days after the seven-day time period ended, Defendant served its Answers to Plaintiff's Interrogatories on Plaintiff. (Pl.'s Mot. Ex. 13). In its answers, Defendant asserted objections to twenty of Plaintiff's Interrogatories but, "[i]ncorporating and without waiving [the] objection[s]," also provided some kind of response.[1] (Id.). While Defendant failed to include a signed verification page with its responses, it provided such verification the following day.[2] (Pl.'s Mot. Ex. 15).

### III. DISCUSSION

**A. Contentions of the Parties**

In her Motion to Compel and for Sanctions, Plaintiff states that her argument "revolves around . . . Defendant's objections." (Pl.'s Mot. at 3-4). Specifically, Plaintiff asserts that, pursuant to FRCP 33, Defendant has waived the right to raise objections to Plaintiff's Interrogatories because it failed to timely serve its responses on Plaintiff. (Id. at 4).

---

[1] All of the information contained in the responses had been previously provided to Plaintiff in Defendant's Initial Disclosures. (Def.'s Resp. at 3; Pl.'s Mot Ex. 13; Def.'s Initial Disclosure).
[2] Plaintiff declares that the "objections [were] not signed" by Defendant's counsel. (Pl.'s Mot. at 6). However, the objections that Plaintiff submitted as Exhibit 13 of her Motion to Compel and for Sanctions clearly shows that the objections were signed by E. Kay Fuller, of Martin & Seibert, L.C., who is recorded as the lead attorney in this action. (Pl.'s Mot. Ex. 13).

3

In its Response in Opposition to Plaintiff's Motion to Compel and for Sanctions, Defendant raises three arguments. First, Defendant asserts that Plaintiff's Interrogatories, which were served on Defendant in state court, became null and ineffective upon the action's removal to federal court and that the thirty-day time period provided by FRCP 33 to respond to the Interrogatories did not start to run until Defendant agreed to respond to Plaintiff's Interrogatories on August 6, 2015. (Def.'s Resp. at 4-5). Second, Defendant asserts that, despite its objections, it provided substantive responses in its Answers to Plaintiff's Interrogatories. (Id. at 5-6). Third, Defendant asserts that sanctions are not warranted because, even if Defendant had delayed in responding to Plaintiff's Interrogatories, good cause existed for Defendant's delay because a close family member of "a chief State Farm contact" had passed away prior to Defendant's submission of its answers. (Id. at 6-7).

**B.    Analysis of Plaintiff's Motion to Compel and for Sanctions**

   **1.  Motion to Compel**

Plaintiff contends that Defendant failed to timely serve its Answers to Plaintiff's Interrogatories. (Pl.'s Mot. at 4). Defendant counters by arguing that Plaintiff failed to re-serve her Interrogatories once the action was removed to federal court and that it timely filed its responses thirteen days after it agreed to respond to the discovery requests. (Def.'s Resp. at 3-5). Defendant further argues that, even if its responses were untimely, it had good cause for the delay. (Def.'s Resp. at 6).

FRCP 33 governs interrogatories. Fed. R. Civ. P. 33. Under FRCP 33, a party that is served interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). As a general rule,

4

objections served after this thirty-day time period are deemed waived. LR Civ P 26.04(a)(1).

Whether a party must respond to interrogatories that were served in a state court proceeding after the action is removed to federal court is an unresolved issue in this Circuit. In other jurisdictions that have ruled on this issue, the majority of courts have held that a party need not respond to such discovery requests. See, e.g., Riley v. Walgreen Co., 233 F.R.D. 496, 498 (S.D. Tex. 2005) (declaring that once an action is removed, it is governed by federal procedure and FRCP 26(d) "bars discovery until after the parties have conferred about a discovery plan as directed by [FRCP] 26(f)"); Osborne v. Billings Clinic, No. CV 14-126-BLG-SPW, 2014 WL 6769752, at *2 (D. Mont. Dec. 1, 2014) (stating that the majority of courts have concluded that discovery "requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal"). However, other courts have held that removal has no or only a minimal effect on discovery requests that were served in state court. See, e.g., Riquelme v. United States, No. 8:07-cv-2180-T-30MAP, 2009 WL 1405179, at *2 (M.D. Fla. May 19, 2009) (declaring that discovery requests served in state court do not become null and ineffective upon removal but instead are due "within thirty days from the date of the case management conference" that is required by FRCP 26(f)); see also Mann v. Metro. Life Ins. Co., No. 99-CV-36, 1999 WL 33453411, at *2 (W.D. Va. July 9, 1999) (declaring that removal does not affect the validity and force of discovery requests served in state court).

If a party served with interrogatories fails to answer an interrogatory or answers an interrogatory evasively or incompletely, then the party seeking discovery may file a motion to compel full disclosure or discovery. Fed. R. Civ. P. 37. The "purpose of [a motion to compel] is to prevent surprise and prejudice to an opposing party." Kartman v. Markle, No. 5:10CV106, 2015 WL 5120344, at *2 (N.D. W. Va. Aug. 28, 2015). However, a court may excuse an untimely filed objection if good cause is shown. Fed. R. Civ. P. 33(b)(4); LR Civ P 26.04(a)(1).

In the present case, the undersigned finds no basis to compel additional responses from Defendant. For the purpose of this order, even if it assumed that Plaintiff was not required to re-serve her Interrogatories on Defendant after removal to federal court, Defendant has shown that good cause exists for its untimely responses for several reasons.[3] First, Defendant appears to have expected Plaintiff to re-serve her discovery requests following their May 13, 2015, discovery plan conference. Because a party's litigation strategy may change once a case is removed to federal court and because a great amount of confusion surrounds the issue of whether discovery requests must be re-served after removal, Defendant's expectation was not unfounded or unreasonable. Second, a close family member of a chief State Farm contact had passed away prior to Defendant's service of its responses. As Defendant may have required this contact's knowledge to complete its Answers to Plaintiff's Interrogatories, a delay in Defendant's service of its responses was not unreasonable. Consequently, the undersigned will excuse any untimeliness on the part of Defendant and allow Defendant's objections to stand.

---

[3] The undersigned finds that the issue of whether a party must re-serve its discovery requests upon an action's removal to federal court need not be decided at this time.

### 2. Motion for Sanctions

Plaintiff argues that Defendant's untimely service of its Answers to Plaintiff's Interrogatories warrants sanctions. (Pl.'s Mot. at 1-4). Defendant counters by arguing that sanctions are not appropriate because it provided substantive responses to Plaintiff's Interrogatories and had good cause for any delay that occurred. (Def.'s Resp. at 6-7). If a party engages in misconduct during discovery, FRCP 37 authorizes a court to impose sanctions on that party. Fed. R. Civ. P. 37. Sanctions may include, *inter alia*, "attorney's fees, monetary sanctions, attorney disqualification or the dismissal of an action." O'Neal v. Capital One Auto Fin., Inc., No. 3:10-cv-40, 2011 WL 2600928, at *2 (N.D. W. Va. June 29, 2011). To assist courts in choosing which sanctions to impose, the United States Court of Appeals for the Fourth Circuit has developed a four-part test for courts to use. Belk v. Charlotte–Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). Under this test, a court "must [consider:] (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective." Id.

In the present case, remaining under the assumption that Defendant's responses to Plaintiff's Interrogatories were untimely, the undersigned finds no basis for sanctions against Defendant for several reasons. First, no evidence exists that Defendant acted in bad faith or for the purpose of delaying Plaintiff's discovery. Second, Plaintiff has suffered no prejudice. Defendant provided responses to each of Plaintiff's Interrogatories as well as a signed verification page. Moreover, Defendant had previously provided the information contained in its responses in its Initial Disclosures,

so Plaintiff was not delayed in her receipt of the information. Third, Defendant's actions, which constitute good faith attempts to comply with the Federal Rules of Civil Procedure, are not of the sort that must be deterred. Finally, a sufficient amount of time existed after Defendant's service of its Answers to Plaintiff's Interrogatories for Plaintiff to seek any additional discovery before the November 4, 2015, discovery deadline, if she found it necessary. Consequently, even lesser sanctions, such as the payment of expenses or attorney's fees, are not warranted.

## IV.    CONCLUSION

For the reasons herein stated, I find that good cause exists for any untimeliness on the part of Defendant regarding the service of its Answers to Plaintiff's Interrogatories. Further, I find that sanctions are not warranted in this action. Accordingly, Plaintiff's First Motion to Compel and for Sanctions (ECF No. 25) is **DENIED**.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140, 155 (1985). The filing of objections will not stay this Order.

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 2nd day of October, 2015.

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE